UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY MAY,

    Plaintiff,

v.                                          Case No. 8:18-cv-2450-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 163-64). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 106-21, 152-46). Plaintiff then requested an administrative hearing (Tr. 149-50). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 84-105). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

denied Plaintiff's claims for benefits (Tr. 122-41). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-9). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1972, claimed disability beginning August 1, 2011 (Tr. 163). Plaintiff obtained a high school education (Tr. 190). Plaintiff's past relevant work experience included work as a material handler and production assembler (Tr. 100, 190). Plaintiff alleged disability due to major depressive disorder, headaches, tinnitus, vestibulopathy, tympanomastoidectomy, hearing loss, back problems, and "diplexia" (Tr. 189).

In rendering the administrative decision, the ALJ concluded that Plaintiff last met the insured status requirements on December 31, 2016 and had not engaged in substantial gainful activity from August 1, 2011, the alleged onset date, through December 31, 2016, the date last insured (Tr. 127). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, vestibular disorder, dizziness, status-post tympanomastoidectomy, major depressive disorder, post-traumatic stress disorder, anxiety disorder, and attention deficit hyperactivity disorder (Tr. 128). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 128). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a reduced range of light work as follows: could lift or carry 10 pounds frequently and up to 20 pounds occasionally; could sit, stand, and walk 6 hours each in an 8-hour workday; could perform reaching in front and laterally, as well as handling, fingering, and feeling on a frequent basis; limited to no more

than occasional pushing or pulling of overhead arm controls or overhead work; needed to avoid climbing ladders or scaffolds and could not be around unprotected dangerous heights, machinery, or vibrations; could understand, remember, and carry out simple instructions, make simple work-related decisions, and respond appropriately to usual work situations and changes in a simple, routine, and repetitive job; and could respond appropriately to coworkers, supervisors, and the public on an occasional basis but could not deal directly with the public or work as a team member constantly interacting with others (Tr. 131). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 132).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a production assembler (Tr. 136). Additionally, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a shipping/receiving clerk, assembler/fabricator, and sorter/sampler/tester (Tr. 137). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 138).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §

423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to

the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by (1) failing to properly evaluate the decision from the Department of Veterans Affairs ("VA") and (2) failing to evaluate the medical opinions. For the following reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

#### A. VA Decision

Plaintiff initially contends that the ALJ failed to properly evaluate the VA disability rating. A decision by any other governmental agency about whether a claimant is disabled is based upon that agency's rules and is not the decision of the Social Security Administration ("SSA"). 20 C.F.R. § 404.1504.[2] Rather, the SSA makes a disability determination based upon

---

[2] The SSA amended the regulation in 2017 (with an effective date of March 27, 2017) to indicate that no analysis would be provided by the administration regarding decisions made by any other agency regarding whether a claimant is disabled. See 20 C.F.R. § 404.1504. The amended regulation does not apply to Plaintiff's claim as Plaintiff's application for disability

social security law, and, thus, a determination made by another agency that a claimant is disabled does not bind the SSA. 20 C.F.R. § 404.1504. Though such decisions are not binding on the ALJ, such determinations, including VA disability ratings, should be considered and given great weight. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight.") (citation and internal quotation marks omitted); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (noting that VA disability ratings are not binding on the ALJ but that such ratings should be considered and given great weight); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight.") (citation and internal quotation marks omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ('The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight.") (citation omitted). In determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. § 404.1512(b)(1)(v).

An ALJ commits legal error a when they "[s]ummarily reject a VA disability rating because it is non-binding in the SSA context and relies on different criteria." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018)(citing *Boyette*, 605 F. App'x at 779-80; *Ostborg*, 610 F. App'x 913-15; *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856-57 (11th Cir. 2013)). Further, an ALJ should not give little weight to the VA's determination for those same reasons. *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904

---

was filed on March 25, 2015 and the new regulation applies only to claims filed on or after the March 27, 2017 effective date.

(11th Cir. 2016). As determined in *Ostborg*, an ALJ appropriately evaluates a VA disability rating on its merits when they provide "specific reasons for discounting the VA's determination" and comparing the "VA examiners' opinions, VA primary care provider opinions, and VA treatment records" with the other parts of the record. *Ostborg*, 610 F. App'x at 914; *Boyette*, 605 F. App'x at 779. Notably, a VA rating of 100% should be more closely scrutinized by the ALJ. *See Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (quoting that "[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ.") (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981).

Here, the VA assigned Plaintiff a 100% combined service-connected disability rating (Tr. 229- 234). The ALJ assigned no weight to Plaintiff's VA rating, finding that it was not performed by an acceptable medical source and failed to follow the rules and procedure of the Social Security Administration. Specifically, the ALJ noted in the opinion that:

> The undersigned has also considered the claimant's rating decision and service connected percentages noted throughout the record from the Department of Veteran's Affairs (VA). The claimant was granted individual employability effective January 26, 2012. However, there are no actual opinion from any acceptable medical source relative to his rating. Furthermore, this rating was not done pursuant to the Social Security Program rules and regulations and it is not binding on the undersigned (Social Security Ruling 06-03p). Additionally, as with all opinions rendered as to a claimant's status as "disabled", this issue is clearly reserved for the Commissioner (SSR 96-5p). As such, this rating decision is afforded no weight.

(Tr. 135). The Commissioner's primary contention in response to Plaintiff's argument is that the Appeals Council gave individualized reasons for discounting the VA decision finding Plaintiff entitled to individual employability. However, the Appeals Council did nothing more than reiterate that the ALJ gave no weight to the VA rating "as there are no opinions from a medical source relative to the VA rating" (Tr. 4-5).

Again, while it is established that the assessment of the VA is different than that of the SSA and the VA's disability determination does not bind the Commissioner, the ALJ cannot reject the rating or assign it little weight for that reason. *Beshia*, 328 F. Supp. 3d at 1346–47 (citing *Boyette*, 605 F. App'x at 779-80; *Ostborg*, 610 F. App'x 913-15; *Adams*, 542 F. App'x at 856-57; *Brown-Gaudet-Evans*, 673 F. App'x at 904. Here, the ALJ and the Appeals Council summarily rejected the VA's rating disability determination because the disability determination process was not done pursuant to Social Security Rules and was not supported by a medical opinion (Tr. 135). The Court find's such reasoning unavailing as it does not offer any substantive basis for discounting Plaintiff's 100% VA disability rating. *Burch-Mack v. Comm'r of Social Sec.*, No: 8:15-cv-1167-T-JSS 2016 WL 4087477 at *4 (M.D. Fla. 2016). (finding the ALJ's analysis did not constitute a meaningful review of the VA disability determination even though the ALJ conducted specific factual analysis). Notably, the conclusory reason cited by the ALJ and Appeals Council, regarding the lack of any medical opinions in connection with the VA disability rating, is contradicted by the record. Here, the record contains numerous treatment notes from the VA, which contain a diagnosis and a conclusion about Plaintiff's impairments. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (providing that a doctor's treatment notes that included a description of a claimant's symptoms, a diagnosis, and a judgment about the nature and severity of the claimant's impairments constituted "medical opinions"). Significantly, in addition to the VA treatment notes, there are also disability benefit questionnaires completed by various doctors. For example, Dr. Sara J. Cornell, PsyD, completed a Mental Disorders Disability Benefits Questionnaire (Tr. 732-736), in which she identifies Plaintiff with "[o]ccupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgement, thinking and/or mood" (Tr. 734). Further, on April 9, 2012, psychologist Thomas Collins

8

completed a disability benefits questionnaire for mental disorders (Tr. 265-278), in which he opined that Plaintiff had occupational and social impairment with reduced reliability and productivity (Tr. 270).

As such, substantial evidence does not support the ALJ's decision since the ALJ's rejection of the VA disability rating, based upon a lack of medical opinions, is contradicted by the record. Thus, the ALJ failed to adequately scrutinize Plaintiff's 100% VA disability rating by failing to conduct a thorough review of the record as required. *See Brown-Gaudet-Evans*, 673 F. App'x at 904. Therefore, this case should be remanded for proper consideration of Plaintiff's VA's disability rating.

### B. Medical Opinion

Plaintiff next argues that the ALJ erred by failing to properly consider the medical opinion of Dr. Thomas Collins. However, in light of the above findings, the Court need not address Plaintiff's remaining claim of error. *See Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised). Given the above findings, the ALJ should reevaluate Dr. Collins's opinion. As such, the case should be reversed and remanded to the Commissioner for proper consideration regarding only Plaintiff's VA disability rating.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 30th day of March, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record